IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO.: 5:24-CR-00027

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| JOSHUA HERMAN PHILLIPS ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 924, 934, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third-party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- One Ruger, model LCP, .380 caliber pistol, serial number 372241011;
- One Glock, model 19GEN5, 9mm pistol, serial number BUBL154;
- One Sarsilmaz, model SAR9, 9mm caliber pistol, serial number T1102-21BV86132;
- One Canik55, model T100, 9mm caliber pistol, serial number 13E01792;
- One Glock, model 33, 357 caliber pistol, serial number LAU741;
- One Palmetto State Armory, model Dagger, 9mm caliber pistol, serial number JJE54169;
- One Palmetto State Armory, model PA-15, 556 caliber pistol, serial number SCD181304;
- One Radical Firearms, model RF-15, 556 caliber rifle, serial number 23-029744;
- One Sig Sauer, model SIG M400, 556 caliber rifle, serial number 20L166757;
- One Norinco, model SKS, 762 caliber rifle, serial number 3200578;
- One Smith & Wesson, model 642 Airweight, 38 caliber revolver, serial number CXC3493;
- One CZ, model Scorpion EVO, 9mm rifle, serial number C014195;
- One Privately made firearm, 9mm caliber rifle, with no serial number;
- One Springfield Armory, model XDM Elite, 9mm caliber pistol, serial number BA301666;
- One Keltec, model PMR-30, 22 caliber pistol, serial number WX9304;
- One Polymer80, 9mm caliber pistol, with no serial number;
- One Taurus, model 66, 357 revolver, serial number LN407593;

- One Springfield Armory, model Hellcat, 9mm caliber pistol, serial number BA159592;
- One Smith & Wesson, model M&P FBC, 9mm caliber rifle, serial number VA10247;
- One Glock, model 45, 9mm caliber pistol, serial number BXUD517;
- One Anderson, model AM-15, 5.56 caliber rifle, serial number 24077404;
- One Anderson, model AM-15, 5.56 caliber rifle, serial number 24077411;
- One Anderson, model AM-15, 5.56 caliber rifle, serial number 24077413;
- Ammunition seized during the investigation; and
- A forfeiture money judgment in the amount of $ 16,260.00, such amount constituting the proceeds that Defendant personally obtained as a result of the offense(s) to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation

5. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

7. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third-party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property involved in or used in the offense(s) and/or constitute property derived from or traceable to proceeds of Defendant's crime(s), and are therefore subject to forfeiture pursuant to 18 U.S.C. §§

924, 934, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

DENA J. KING
UNITED STATES ATTORNEY

_____
WILL WISEMAN
Special Assistant United States Attorney

_____
JOSHUA HERMAN PHILLIPS
Defendant

_____
SAMUEL RANDALL
Attorney for Defendant

Signed this the 30th day of January, 2025.

_____
HONORABLE JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE